UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK A. WILSON,

    Plaintiff,

    v.

OAKLAND UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

Case No. 3:21-cv-09157-WHO

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 21

Plaintiff Mark Wilson, who is proceeding pro se, alleges that the Oakland Unified School District ("OUSD") took unlawful disciplinary action against him when he was employed as a school security guard. OUSD moves to dismiss the claims as barred by statutes of limitations and for failure to exhaust administrative remedies. Its motion is granted with leave to amend. Although the claims are time-barred or were not timely exhausted, Wilson raised facts at the hearing that were not pleaded in his complaint that he believes may toll the statutes of limitations. He may file an amended complaint within 30 days that includes those allegations. He should plead all the facts relevant to why it took him so long to file a charge with the Equal Employment Opportunity Commission ("EEOC") and file suit.

Separately, Wilson has named Jeanine Lindsey and Gregory Hom as defendants. OUSD represents that Hom is now deceased. Wilson has not yet served Lindsey. As I indicated at the hearing, Wilson should promptly serve Lindsey if he still wishes to pursue a case against her.

## BACKGROUND

Wilson worked as a campus security officer at Rudsdale High School ("Rudsdale") in Oakland, California, part of OUSD. First Amended Complaint ("FAC") [Dkt. No. 16] ¶ 1. He worked for OUSD since 2005. *Id.* ¶ 8. He says that he had no history of discipline prior to the

events of this case. *Id.* Wilson was a group home counselor and was OUSD's site coordinator for Peace Makers, Inc., which he describes as "a family and youth empowerment organization established for the purpose of mentoring at-risk youth and teaching them the value of life skills." *Id.* ¶ 9. Wilson alleges that he also took on other roles for OUSD at the request of Rudsdale's principal, Willie Thompson, including substituting for teachers and being a disciplinarian. *Id.* ¶¶ 10–11.

Wilson claims that Thompson made him an "adjunct instructor, administrator and disciplinarian in [Thompson's] absence." *Id.* ¶ 10. He participated in meetings with teachers and families in Thompson's absence. *Id.* ¶ 11. He alleges that he taught classes through "falsifying documents" that listed him as teacher. *Id.* Wilson claims that Thompson was "regular[ly]" absent from campus, including "daily" in the morning and on Tuesdays and Thursdays. *Id.* ¶ 15. These absences, he says, were "widely known." *Id.*

Rudsdale shared a campus with BayTech Charter School ("BayTech"). *Id.* ¶ 12. Wilson's office was in an area of the school that staff and students could not use because of its "deteriorated condition." *Id.* ¶ 19. That office, he says, was so that he could supervise Rudsdale students on the BayTech part of the campus. *Id.* Even though it was not in his official job description, Wilson alleges that Thompson required him to perform "security and supervision" at BayTech. *Id.* ¶ 21. He claims that, at various times, he reported "liabilities" to Thompson about the way the school was run—mostly related to his many hats and the problems that created. *Id.* ¶ 39.

On September 17, 2018, Wilson arrived at Rudsdale "as usual." *Id.* ¶ 18. Wilson and a custodian were in Wilson's office. *Id.* ¶ 26. Wilson alleges that an unnamed Rudsdale student "arrived in the area" even though students were not allowed and was unaware of the custodian's presence. *Id.* Wilson and this student spoke and two female BayTech students entered the area. *Id.* ¶ 27. One of them ran into a defunct bathroom area. *Id.* Wilson allowed the other to go into the bathroom to tell the student to leave, so that all could return to where they were supposed to be. *Id.* The students left. *Id.*

That afternoon, Hom, the sergeant of the OUSD school police, told Wilson to "go home." *Id.* ¶ 28. Wilson was then barred from the campus. *Id.* ¶ 29. The defendants did not tell him why

2

for several weeks. *Id.* ¶ 31. He claims that the surveillance footage is deleted after 30 days and, in this case, was destroyed. *Id.* ¶ 32.

In October 2018, Wilson was notified of an allegation of misconduct. *Id.* ¶ 33. The allegation was that Wilson had "inappropriate[ly] physical contact" with one of the female students. *Id.* In his Complaint, Wilson alleges that following the report that Hom wrote, he was "terminated from his position with OUSD." *Id.* That report, according to Wilson, contains factual inaccuracies, including the timeline, witness accounts, and what occurred. *Id.* ¶ 36. Wilson claims that, after that day, the defendants began a concerted effort to portray him badly and collect instances of alleged misconduct, including soliciting complaints. *Id.* ¶¶ 40–41.

Wilson filed a charge with the EEOC in May 2020. Dkt. No. 1 ¶ 8. It issued a notice of right to sue letter in September 2021. *Id.* ¶ 9. Wilson filed his complaint in this court in November 2021. In his operative complaint, he brings claims for (1) violation of the Age Discrimination in Employment Act against Lindsey and Hom; (2) violation of Title VII of the Civil Rights Act of 1964 against Lindsey and Hom; (3) failure to prevent harassment, discrimination, or retaliation under California's Fair Employment and Housing Act ("FEHA") against OUSD; (4) retaliation under Title VI of the Civil Rights Act of 1964 against OUSD; (5) retaliation under Title IX of the Education Amendments of 1972 against OUSD; and (6) violation of California Labor Code § 1102.5 against OUSD.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*,

550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## DISCUSSION

OUSD moves to dismiss the claims against it—claims three, four, five, and six—for several reasons. *See generally* Motion to Dismiss ("Mot.") [Dkt. No. 21].

### I. STATUTE OF LIMITATIONS

OUSD argues that most of the claims against it are barred by their statutes of limitations. A motion to dismiss based on a statute of limitations can only be granted when its running "is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (internal quotation marks and citation omitted).

For the reasons that follow, the claims at issue are time-barred as currently pleaded. At the hearing, Wilson argued that he could plead additional facts to toll those statutes of limitations. Because he is proceeding pro se, leave to amend will be granted so that he may do so. In addition to any other facts he believes to be relevant, Wilson should allege why it took him so long to file with the EEOC and file suit.

4

**A. Title VI Claim**

Title VI borrows the state statute of limitations for personal injury actions. *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993). California's general personal injury limitations period is, and was at all relevant times, two years from when a claim accrues. Cal. Civ. P. Code § 335.1.

Federal law controls when the limitations period begins. *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006); *Taylor*, 993 F.2d at 712. Under the traditional formulation of the federal accrual rule, "[t]he touchstone for determining the commencement of the limitations period is notice: a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Stanley*, 433 F.3d at 1136 (internal quotation marks, alteration, and citation omitted). When it comes to similar civil rights violations, the Ninth Circuit has held that "injury" means knowledge of the "actual injury," not when the plaintiff "suspects a legal wrong." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1049–51 (9th Cir. 2008) (discussing Title VII violation).[1]

Here, the FAC alleges that Wilson was sent home and barred from campus on September 17, 2018. FAC ¶¶ 18, 28. It alleges that the allegation of misconduct was communicated to him in October 2018. *Id.* ¶ 33. Wilson's Opposition brief states, for the first time, that the investigation into him was completed on November 1, 2018. Opposition to the Mot. ("Oppo.") [Dkt. No. 25] ¶ 8. This allegation is not pleaded, but I will consider it for present purposes because Wilson is proceeding pro se. Taking it into account, Wilson was on notice of the injuries of which he complains by at least that time. But he did not file this suit until November 26, 2021, more than three years after that date and one year after the statute of limitations had expired.

Wilson argues that he was not able to file sooner because he did not have a right-to-sue letter from the EEOC and he filed within 90 days of receiving the letter. But the 90-day statute of

---

[1] Though these principles were applied to different (but related) statutes, "[a]ccrual is based on 'general' federal common law. Courts accordingly use common-law tort principles from distinct but related areas of law to inform their uniform accrual analysis." *Karasek v. Regents of Univ. of California*, 500 F. Supp. 3d 967, 979 (N.D. Cal. 2020) (Orrick, J.) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) and *Lukovsky*, 535 F.3d at 1048).

5

1    limitations from receiving the right-to-sue letter is distinct from the general two-year limitations
2    period from the injury.  And Wilson cannot toll the broader statute of limitations from the time he
3    filed a charge with the EEOC until it issued the right to sue letter because his filing of the charge
4    was untimely, as explained below.  *See infra* Section II.  *Cf. Johnson v. Ry. Exp. Agency, Inc.*, 421
5    U.S. 454, 455, 466 (1975) (discussing the circumstances in which the "timely filing of a charge of
6    employment discrimination with the" EEOC tolls claims).

### B.  Title IX

Title IX claims also use state-law personal injury statutes of limitations, which is (as noted) two years.  *Stanley*, 433 F.3d at 1134; Cal. Civ. P. Code § 335.1.  The same accrual rule already discussed applies as well.  *Stanley*, 433 F.3d at 1134.  For the reasons explained above in the Title VI analysis, the Title IX claim is untimely.  *See supra* Section I.A.

### C.  California Labor Code

California Labor Code 1102.5, as a general matter, prohibits retaliation for certain whistleblowing activities.  It does not have a specific statute of limitations, but California's general statute of limitations for civil claims is three years.  *See* Cal. Civ. Proc. Code § 338(a).  Neither party suggests a different limitations period applies and that is the length other courts have used when analyzing whistleblower retaliation claims, so I do as well.  *See, e.g.*, *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016) (Koh, J.).

Under California law, the general rule is that "an action accrues on the date of injury." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109 (1988).  But, among other modifications, California employs a discovery that postpones the date of accrual until the plaintiff "suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her."  *Id.* at 1110.  That, essentially, brings it into harmony with the federal accrual standard.  *See Lukovsky*, 535 F.3d at 1048 (explaining that the discovery rule "is already incorporated into federal accrual law").

The legal injury for purposes of the whistleblower claim is the same injury underlying the federal civil rights claims.  Assuming the claim accrued on November 1, 2018 (which I do not hold), Wilson was or should have reasonably been on notice of his injury, its cause, and who

6

1    caused it by (at the latest) that date. This case would still have been past the cutoff because it was

2    filed November 26, 2021, more than three years latere.[2]

3    **II.     FAILURE TO STATE A CLAIM**

4    OUSD argues that Wilson has failed to state a claim under FEHA because he failed to

5    exhaust administrative remedies. Mot. 13–15.

6    "In order to bring a civil action under FEHA, the aggrieved person must exhaust the

7    administrative remedies provided by law." *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th

8    Cir. 2001) (internal quotation marks and citations omitted). To properly exhaust an issue, a

9    plaintiff must "fil[e] a written charge with [the California Department of Fair Employment and

10   Housing ("DFEH")] within one year of the alleged unlawful employment discrimination, and

11   obtaining notice from DFEH of the right to sue." *Id.* (citations omitted). That administrative

12   charge "defines the permissible scope of the subsequent civil action." *Id.* (citation omitted).

13   There is no indication that Wilson filed a charge with the DFEH, but he did with the

14   EEOC. DFEH and the EEOC have sometimes had agreements by which charges filed with one

15   can be shared with the other and the Ninth Circuit has held that, when that is so, filing a charge

16   with one adequately exhausts both administrative remedies. *See Surrell v. California Water Serv.*

17   *Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). Assuming an arrangement like this existed, however,

18   Wilson's charge with the EEOC was still late for both federal purposes and state purposes. Under

19   California law, the charge must be filed within one year of the allegedly unlawful conduct. And

20   under federal law, it must be within 180 days. Here, Wilson filed the charge more than one year

21   after the conduct, on May 19, 2020. *See* Oppo. 3.

22   Because Wilson failed to timely exhaust his administrative remedies, the claim must be

23   dismissed. *Rodriguez*, 265 F.3d at 896. As noted above, Wilson argued at the hearing that he

24   should be given an opportunity to plead facts that would toll this time bar. I will allow him to

25   amend to attempt to do so.

---

[2] Because the claim is untimely, there is no need to address OUSD's alternative argument that it fails to state a claim for failure to exhaust administrative remedies.

7

**CONCLUSION**

The motion to dismiss is GRANTED. Claims three, four, five, and six against OUSD are DISMISSED WITH LEAVE TO AMEND. An amended complaint shall be filed within 30 days.

**IT IS SO ORDERED.**

Dated: May 16, 2022

William H. Orrick
United States District Judge